121-1090-WC Labor Network Corporation Appellant by Jason Alain v. Illinois Workers' Compensation Comm'n Belen Trujillo by Alexandra Broderick. Council Alain, you may proceed. Thank you, Your Honor. My name is Jason Alain and I represent the Appellants Labor Network in Clover Hill Bakery in this case. Your Honors, this is an interesting situation. This case was up on appeal before the circuit court and ultimately dismissed by the circuit court for lack of subject matter jurisdiction. So there was no hearing or decision that was made necessarily on the merits of the case. It's our position that the circuit court erred in that decision. That the appellant here substantially complied with the requirements of Section 19F1, thereby vesting the circuit court with subject matter jurisdiction. Even though you would admit that you did not name Clover Hill, the borrowing employee, as a party in interest in the caption of the body of the request for summons, correct? That's correct, Your Honor. Wasn't that jurisdictional? If we look at the case, the old Ben Cole case, Your Honor, I think that that case is very significant to the facts here. One, it's analogous to the facts here. And two, I think it lays out what this court has determined to be the requirements in order to vest that subject matter jurisdiction. Is there sufficient information for the clerk to notify the parties of the pending appeal? And is there any indication that the parties were prejudiced in some way by failing to include a party in that summons? In this situation, there was sufficient information, as indicated in our briefs. My firm represents not only Labor Network, but also Clover Hill Bakery. There was an appearance that was filed. Interestingly enough, the only time you filed an appearance for Clover Hill Bakery was for the first of the workers' compensation cases that were heard by the arbitrator. After that, Clover Hill Bakery just kind of disappeared from the world. Now, you made a statement at the beginning saying you now represent here Clover Hill Bakery. You filed no appearance for Clover Hill Bakery in this appeal. You only filed an appearance for Labor Network. And second of all, when you say this is analogous to O. Ben Cole, I think you forget that in O. Ben Cole, the name of the claimant was there when they said so-and-so as attorney for and listed the name of the claimant. And was based on that, the Supreme Court said, well, you know, the claimant was named. He was there, said attorney for John Jones. There's no such thing in this case. Clover Hill Bakery, the last time Clover Hill Bakery was in the first of the arbitration cases. After that, not again, ever. But, Your Honors, if you look at the transcript of the hearing, the arbitrator indicates the party that the respondents in the case were Labor Network and Clover Hill Bakery. Well, there's no, there's no, absolutely no question. Clover Hill Bakery was always a for those parties. Well, go ahead. Go ahead. I was just going to say that the, I think that the O. Ben Cole case, I think we should look at what the crux of that or the ultimate decision came down to was, was there sufficient information to notify the parties of the appeal and were any of by not. But isn't, isn't the case that you're talking about O. Ben Cole company, isn't that distinguishable from the facts of this case at all? I don't think that it is. I think that it is analogous to this case as we put forward in, in that in our briefs. So let me ask you this. Clover Hill was not listed as a defendant in the caption of labor's request for the issuance of the summons. Clover Hill's name or address did not appear anywhere in the body of the document. And the law firm, the law firm was not identified as Clover Hill's attorney. Is that all correct? The law? Well, I think one of the things that we need to understand here is that the labor network had an agreement with Clover Hill bakery in which labor network. I don't think that answers justice Hudson's question. I think he asked three questions. Very straightforward. You want to answer each one? Certainly judge Clover Hill bakery was not listed on the summons. Clover Hill bakery was not listed on the pleadings. That is correct. Name and address never appeared anywhere, right? That's correct. However, the attorney, my office represents both Clover Hill bakery and labor network in this case, and as represented them, Clover Hill has not had any separate counsel in any, in any instance of this case, because my office has been representing them in this case, as the agreement indicates per the agreement between labor network and Clover Hill bakery. Well, yeah, but you know, Clover Hill has liability in this case. It's joint and several with labor by statute. Now, it would appear to me that Clover Hill has an interest in this case, at every juncture, they have an interest. Now, the statute tells us what has to be on the summons, what has to be on the notice of intent to file. And in this particular case, quite simply, it isn't there. It's not there. And this is strict construction. This is jurisdictional. And, you know, I mean, I, you know, old Ben Cole, you keep saying this is like old Ben Cole, you know, old Ben Cole. The defendant was the party in interest was listed in the caption of the case. In this case, Clover Hill isn't in the caption. And the Supreme Court said, you know, you had the caption in the body, you said serve so and so an attorney, as attorney for the claim, it just didn't list the claimant. And they said, well, you know, that was sufficient information, where the clerk could properly notify the claimant, and his attorney of dependency of the action. In this particular case, the clerk has nothing from which he could notify Clover Hill. But we are the attorney for Clover Hill. Well, you say you're the attorney for Clover Hill. Unfortunately, you never filed an appearance for Clover Hill in that case. You indicated that we had no you filed an appearance for Clover Hill in the first arbitration case. There's no appearance for Clover Hill in the record in the action for judicial review, is there? I think that the filing I mean, it's my understanding that the filing of that judicial review is what is where that appearance, we didn't have to file a separate appearance on behalf of the labor network when we filed. And that'd be great if you would have listed Clover Hill as a party plaintiff that you represented. But Clover Hill wasn't listed anywhere. Nowhere. So how can how can it can be said that you were the attorney for Clover Hill, in a case where Clover Hill isn't mentioned in the caption, not mentioned in the notice of intent to file, not mentioned in the summons? Where could one glean that you were the attorney for Clover Hill? From the prior proceedings before the commission, from the appearance that was filed before the commission, from all the proceedings before the my office represented Clover Hill bakery and labor network in that case, from all the proceedings before the Illinois Workers' Compensation Commission, and that would put the clerk on notice that Clover Hill was a party defendant, who should be served with summons. I think that the fact that my office was the one who was served with that summons being that we represented Clover Hill bakery in the Workers' Compensation proceedings before the commission. You issued the summons. That's true. Right. All right, go ahead. Go ahead. I think I think ultimately, your honors, I think what, you know, the the old Ben Cole case makes mention to the Republic Steel case. And in that case, under Republic Steel, it says that there is, we consider the observation of the Supreme Court in Republic Steel that the tendency of the courts have been to simplify procedure to honor substance over form and to prevent technicalities from depriving the party of the right to be heard. My office represented Clover Hill in the Workers' Compensation proceedings. My office is the one who filed the circuit court review. Not allowing us to proceed on the merits of this case, I think, based on on this technicality that we didn't include Clover Hill bakery in the summons, despite the fact that there was an agreement between Clover Hill bakery and Labor Network, that Labor Network would provide any sort of legal counsel to Clover Hill bakery for any sort of Workers' Compensation proceedings, that Labor Network would provide Workers' Compensation insurance to Clover Hill bakery. I think that that this is not that the Republic Steel case and that notation is not being honored by not allowing us to proceed on the merits before the circuit court under our review. Mr. Lane, I'm curious, we use it all the time. What's a technicality? Well, I think that this this in this situation, your honor, this is a technicality. Well, define a technicality. I didn't ask you to say it's here in this situation. What is a technicality? A technicality would be a situation in which there is an error that is made, um, which ultimately doesn't go to the substance, but rather, yeah, that ultimately doesn't go to the substance, but rather the form. And what's the substance of this process, as you understand it? Well, the substance here is that you're appealing the decision of the Workers' Court to review that decision and review the findings of the Workers' Compensation. Well, that's that's the overarching procedure. But what's the substance of this requirement? I mean, what's what's the purpose of this requirement? The purpose is to ensure that the party, the purpose of the requirement that the parties be listed. The purpose of the requirements under 19F1, is that what you're asking? What's the purpose of those requirements? Well, I think, as as the court indicated under the Chadwick decision, to ensure that there's sufficient information for the clerk to notify the parties of the appeal and to prevent any prejudice to the parties. Mr. Lane, go ahead. You're done with that thought? Yeah, go ahead. Well, you know, technicality, I mean, if you're talking about what you sometimes see, and I think actually may exist in this case with regarding the brief, if you're missing a decision on the commission, your appendix is messed up. That might be a technicality. Here, we're talking about jurisdictional prerequisites. So how can those be technicalities that we just overlook? I think that I think it ultimately goes to the relationship between the parties. I think that that's one thing that we are overlooking here, the relationship between Clover Hill Bakery and Labor Network. I think that the I think that if this was a situation in which the claimant wasn't named or the claimant's attorney wasn't named, that would be very different. But essentially, we have a situation here where we have a loaning and borrowing. We are not essentially, but we have a loaning and borrowing situation in which one of in which the borrowing employer has essentially has requested that the loaning employer assume all responsibility and handle any sort of legal proceedings as a result of any injuries that happen to the workers who are employed by the loaning employer. And by that, there is, again, I go back to it, my office represented Clover Hill Bakery in the underlying workers' compensation proceedings. Wait a minute, there's three work underlying workers' compensation cases. The caption in the appearance in the first of them relating to December 29, 2012, lists Labor Network and Clover Hill Bakery as the employer responded. That's the first case. The second case relating to a manifestation date of March 7, 2013, no appearance can be found in the record listing your attorney, your firm, representing Clover Hill Bakery or Labor Network for that matter. In the September 23rd case, 2013, the caption and appearance lists Labor Network as the employer respondent, and there is no mention of Clover Hill Bakery, either in the appearance or in the and it lists Labor Network as the respondent, it lists the claimant, and in fact, both the claimant and the respondent, quote, filed the petition for review, and the caption of the respondent's petition lists Trujillo as the employee and Labor Network as the employer respondent, not a word about Clover Hill Bakery. And so, other than that very first arbitration case, there was no indication that your firm was representing Clover Hill Bakery. There was a motion to consolidate that was filed on April 1, 2014. Well, they were all heard, they were heard together, and we understand that. And it lists attorney for employer respondent, Labor Network, Clover Hill Bakery, in that pleading. Well, counsel, I don't know. We'll have, yeah, you'll have time to reply. Thank you. Counsel Broderick, you may respond. Thank you, Your Honor. I'm Alexandra Broderick. I represent the appellee, Belen Trujillo. It is our position that Section 19F1 typically requires strict compliance to give subject matter jurisdiction to the circuit court. In this case, the party was not named. In any of the cases in which substantial compliance have been found, it has not been where a party has been failed to be named. It has been where a return date on review is left off, where an address is left off, where the summons is filed wrong. These are technicalities, a small error or a small detail. Leaving a party off is not a small detail. I think this case is analogous to the case of Matheson v. Hagler Zinc Company in which a widow and her dependent children were represented by the same attorney. On appeal, only the widow was named and not the dependent children. The ward was for the widow and for the widow for the dependent children. The dependent children were left off as a party, even though they had the same attorney, and it was dismissed based upon subject matter jurisdiction. I would like to also distinguish Old Ben Cole. As previously stated by the court, they were named in the caption as well as they were named the attorneys as party for the missing party. Here, we are only named for Labor Network. There is no mention of Clover Hill anywhere within the filing as well as no appearance was ever filed for Clover Hill. I would say that the agreement is not relevant here as to who pays between Labor Network and Clover Hill Bakery because there's joint and several liability. They're both interested parties. If Labor who never filed information with regards to insurance who seems to appear to be self-insured were to go bankrupt, we would be relying on Clover Hill Bakery to fund the award. This is not a case in which procedures should be simplified. Naming a named party is very necessary. It's not simplifying procedure by allowing someone to proceed without naming all the actual parties. I do believe that there was not substantial compliance that is relevant here as the party was not named and therefore strict compliance and therefore there's no jurisdiction of the circuit court. Any questions from the court? I have none. I have none. No questions. Thank you, counsel. Thank you, counsel. Elaine, you may reply. Thank you, Judge. Just in brief, that agreement wasn't just about who paid but it was about who also represents Clover Hill Bakery and any workers compensation proceedings. I think it goes beyond just who is responsible for the payment. Also, I don't believe that Labor Network was self-insured in this case. I think Labor Network does have insurance. I can verify that information if the court would like but I do believe that they actually carry their own insurance. Ultimately, I would just, again, go back to the arguments that were previously made and the arguments that were put forward in our brief. Thank you, your honors, for your time. I appreciate it. Thank you, counsel, both for your arguments in this matter this morning. It will be taken under advisement. The written disposition shall issue.